THE STATE EX REL. GRUNAU FIRE PROTECTION SYSTEMS, INC., APPELLEE,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Grunau Fire Protection Systems, Inc. v. Indus. Comm.* (1992), 65 Ohio St.3d 320.]

(No. 92–164—Submitted October 13, 1992—Decided December 14, 1992.)

*William W. Johnston,* for appellee.

*Lee I. Fisher,* Attorney General, and *Gloria P. Castrodale,* Assistant Attorney General, for appellants Industrial Commission and Bureau of Workers' Compensation.

*Gallon & Takacs Co., L.P.A.,* and *Theodore A. Bowman,* for appellant Lytle.

_____

*Per Curiam.* The parties agree that the fixation and maintenance of the ladder did not comply with Ohio Adm.Code 4121:1–3–11(E)(1), which states in part:

"Fixed ladders shall be provided and maintained in place until temporary or permanent stairways are ready for use."

A VSSR, however, requires more than a showing of violation and proximate cause. It also demands that the claimant's employer be the party that violated the specific safety requirement. *State ex rel. Lyburn Constr. Co. v. Indus. Comm.* (1985), 18 Ohio St.3d 277, 18 OBR 329, 480 N.E.2d 1109. Failure to satisfy the latter dictates a finding that claimant's employer "is not the 'employer' comprehended by Section 35, Article II of the Constitution of Ohio, for whose disregard of a specific safety requirement the Industrial Commission is empowered to make an additional compensation award * * *." *State ex rel. Reed v. Indus. Comm.* (1965), 2 Ohio St.2d 200, 31 O.O.2d 408, 207 N.E.2d 755, at syllabus.

An employer cannot escape VSSR liability by merely citing its lack of ownership or maintenance of the noncomplying equipment. *Reed; Lyburn; State ex rel. Zito v. Indus. Comm.* (1980), 64 Ohio St.2d 53, 18 O.O.3d 257, 413 N.E.2d 787. It must also be shown that the alleged violator had no "authority to alter or correct" the defective condition. *Reed*, 2 Ohio St.2d at 203, 31 O.O.2d at 410, 207 N.E.2d at 758; *Lyburn*, 18 Ohio St.3d at 280, 18 OBR at 332, 480 N.E.2d at 1111. In adopting the referee's reasoning, the court below presently suggests, as a matter of law, that a subcontractor, by virtue of its relationship to the general contractor, can *never* have authority to alter or correct equipment that the general owns or provides. This conclusion, however, was based on *Zito, supra*, which does not support so broad a proposition.

Zito, an employee of the general contractor, was injured when he fell from a subcontractor's scaffold. The commission refused to assess a VSSR against the general contractor since the faulty scaffold was built by the subcontractor. We disagreed, stating:

"The test is not whether the employer constructed the scaffold. Rather, we hold that in the case of a general contractor, there *may* exist the requisite degree of responsibility to warrant imposition of a specific safety violation on that employer. We are mindful that the finding of such a violation is in the nature of a penalty. * * * Nevertheless, we are of the opinion that an imposition of this penalty on a general contractor *may be proper under certain factual patterns*." (Citation omitted, emphasis added.) *Zito*, 64 Ohio St.2d at 55, 18 O.O.3d at 258, 413 N.E.2d at 789.

Our use of the word "may" rather than "shall" and the qualifying phrase "under certain factual patterns" in *Zito* indicate that in some cases, the general contractor, either tacitly or by agreement, does not exercise exclusive control over the equipment it provides. If so, the subcontractor may be one of the parties that also exercises meaningful control over the noncomplying

apparatus. We thus hold that "authority to alter or correct" must be determined on a case-by-case basis and should not be predetermined by an employer's contractual status.

Applying the foregoing analysis to the commission's order, we determine the commission made no express finding as to authority to alter or correct. We thus return the cause to the commission for further consideration and an amended order.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.