THE STATE, EX REL. TRYDLE ET AL., APPELLEES, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLANT.
THE STATE, EX REL. ROGERS ET AL., APPELLANTS, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Trydle, v. Indus.
Comm. (1972), 32 Ohio St. 2d 257.]

258

(Nos. 72-394 and 72-395—Decided December 15, 1972.)

*Messrs. Knisley, Carpenter, Wilhelm & Nein* and *Mr. William G. Carpenter,* for appellees in case No. 72-394 and appellants in case No. 72-395.

*Mr. William J. Brown,* attorney general, *Mr. Stephen T. Parisi* and *Mr. Stanley R. Stein,* for the Industrial Commission of Ohio.

BROWN, J. In case No. 72-394, relators assert that the death of their son resulted from specific violations of R. C. 4109.10, 4109.12(D) and 4109.13(E).

They allege that those sections fall within the purview of Section 35, Article II of the Ohio Constitution, which requires additional compensation where there is a violation of a "* * * specific requirement for the protection of the lives, health or safety of employees enacted by the General Assembly * * *."

To fall within the confines of Section 35, Article II, there must be a determination that the order or enactment is a specific requirement. We, therefore, must determine if the aforementioned enactments qualify for such a designation. We begin our inquiry with R. C. 4109.10.

R. C. 4109.10 prohibits the employment of a child under 16, *inter alia,* in or about any factory, workshop, or cannery unless he is employed in irregular service or is the holder of an age and schooling certificate.

It is the opinion of a majority of this court that R. C. 4109.10 is not a specific safety requirement. Central to this conclusion is the court's opinion in *Collings-Taylor Co.* v. *American Fidelity Co.* (1917), 96 Ohio St. 123, which discusses the predecessor of R. C. 4109.10. In *Collings-Taylor Co.,* it was held that the primary purpose of G. C. 12994, which was somewhat analogous to present R. C. 4109.10, was to make the minor laws conform with the compulsory education laws and that employment of a child under 16 during the summer months when school was not in session was not employment contrary to law. In view thereof, and that the prohibition is conditional rather than absolute, R. C. 4109.10 is not a "specific requirement for the protection of the lives, health or safety of employees" within the meaning of Section 35, Article II, Ohio Constitution.

R. C. 4109.12(D) prohibits the employment of a child under 18 "in oiling or cleaning machinery in motion."

Critical to our decision in relation to this section is the Court of Appeals' decision (case No. 72-394) which e-

nunciated three prerequisites for the finding of a specific safety requirement. The Court of Appeals stated, and we agree, that:

"* * * Failure of an employer to comply with a requirement does not justify an additional award unless the requirement (1) was enacted either by the General Assembly or by an order of the Industrial Commission, and (2) the requirement is specific as opposed to general, and (3) the requirement is for the protection of the lives, health or safety of employees."

A majority of this court concludes, as did the Court of Appeals, that the obvious design of R. C. 4109.12(D) is to protect children under 18 by excluding them from employment "in oiling or cleaning machinery in motion." The statute is not designed to protect such children in the performance of assigned duties in connection with employment, but rather is designed to exclude them from being assigned such tasks in connection with employment. Accordingly, we conclude that R. C. 4109.12(D) is not a specific requirement for the protection of the lives, health or safety of employees within the meaning of those words as used in Section 35, Article II, Ohio Constitution.

R. C. 4109.13(E) provides that no child under 16 shall be employed or permitted to work "in proximity to any hazardous or unguarded belts, machinery, or gearing."

Although a majority of this court disagrees, I would hold that that section of the Revised Code is a specific requirement. It is unequivocally clear by the language used that the requirement is designed to protect the lives, health, or safety of employees who are under 16. Moreover, the language is so specific and definite as to plainly apprise an employer of his legal obligation toward his employees in accordance with the principle pronounced in *State, ex rel. Holdosh*, v. *Indus. Comm.* (1948), 149 Ohio St. 179. Appellant in case No. 72-394 contends, however, that R. C. 4109.13(E) is not specific in that the words "proximity," "hazardous," "unguarded," and "machinery," are too indefinite to constitute the designation of a

specific requirement. This argument is not persuasive. First, it is untenable to assert that a sump pump is not machinery. It is also unquestionably ascertainable whether one is working in proximity to machinery. And as far as the words "hazardous" and "unguarded" are concerned, the latter is certainly definite and subject to specific adherence by the employer. See *State, ex rel. Truckey*, v. *Indus. Comm.* (1972), 29 Ohio St. 2d 132. Although the word "hazardous" is indefinite, viewed in the total context of the provision, it encompasses specific situations in which employers must act in a positive manner.

Accordingly, I would conclude that R. C. 4109.13(E) is a specific requirement for the protection of the lives, health or safety of employees enacted by the General Assembly, within the meaning of those words as used in Section 35, Article II, Ohio Constitution.

For the foregoing reasons contained within this portion of the opinion, I conclude that the Industrial Commission has abused its discretion in regard to R. C. 4109.13 (E), in case No. 72-394. See *State, ex rel. Berry*, v. *Indus. Comm.* (1935), 129 Ohio St. 228; *Slatmeyer* v. *Indus. Comm.* (1926), 115 Ohio St. 654; and *State, ex rel. Stuber*, v. *Indus. Comm.* (1933), 127 Ohio St. 325.

Coming now to case No. 72-395, the sections involved are R. C. 4109.12(U), 4513.02 and 4513.20.

R. C. 4109.12(U) provides that no child under 18 shall be employed or permitted to work "in the operation of motor vehicles and work as a helper thereon * * *." In determining whether this section is a 'specific requirement' within the meaning of Section 35, Article II, principal reliance is placed upon the definition of "specific requirements" announced *Holdosh, supra.* (149 Ohio St. 179.) Additionally, the three prerequisites were enunciated by the Court of Appeals in its opinion in *Trydle* (72-394). Applying those tests, a majority of this court concludes that R. C. 4109.12(U) is not a specific safety requirement within the purview of Section 35, Article II.

We find persuasive, in reaching this conclusion, the

fact that this requirement does not contemplate any specific business or, indeed, contemplate a specific instrument. On the contrary, this section is only a prohibition protecting minors by preventing the creation of an employer-employee relationship. As we hold in case No. 72-394 herein, a specific requirement must satisfy three prerequisites, one of which is that the requirement is for the *protection of the lives, health and safety of employees.*

In addition, it is also important that R. C. 4109.12 was originally enacted in 1913 as G. C. 13007-3 (103 Ohio Laws 864, 911). The Bill had as its purpose "to amend and supplement Sections * * * 12993 to 12999 * * * of the General Code * * *." Sections G. C. 12993 to 12999 were previously enacted in a Bill, the purpose of which was "to provide a complete system of certificates by which employers can determine the age of minor laborers, and to amend and repeal certain statutes of Ohio." (99 Ohio Laws 30.)

Further, one of the Acts which that Bill amended, as stated in the amendment, had as its purpose:

" '* * * Relating to a complete system of certificates by which employers can determine the age of minor labor. To make the minor labor law conform with the compulsory education law and providing a way to determine the physical fitness of minor labor under 16 years of age." (99 Ohio Laws 30, Section II.)

It is clear that R. C. 4109.12(U) finds its general purpose in protecting the physical well-being of minors by preventing violations of compulsory education laws.

R. C. 4513.02 states:

"(A) No person shall drive or move, or cause or knowingly permit to be driven or moved, on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person."

R. C. 4513.20 states: "The following requirements govern as to brake equipment on vehicles * * *." Then follow specifications as to brakes on particular vehicles, and sub-section (H), which requires that brakes must be maintained in good working order.

In finding agreement with the Court of Appeals' holding that these legislative enactments are not specific safety requirements, it is clear that the language embodied in those sections is of a general purpose and character. Neither statute requires the employer to act in a specific manner; nor does it require any specific and definite action to be in compliance therewith. The words, therefore, do not substantially mitigate the discretion of the employer in protecting his employees. It is clearly evident that the overriding purpose of those statutes is the general protection of employees.

The judgments of the Court of Appeals should be affirmed.

The judgment in case No. 72-395 is affirmed.

*Judgment in case No. 72-395 affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and LEACH, JJ., concur in the syllabus.

CORRIGAN, J., concurs in the opinion of BROWN, J.

O'NEILL, C. J., HERBERT, CORRIGAN, STERN and LEACH, JJ., concur in the judgment in case No. 72-395.

SCHNEIDER, J., dissents.

LEACH, J. In case No. 72-394, a majority of this court concludes that the judgment should be reversed on the basis that none of the statutes relied upon by relators, including R. C. 4109.13(E), are "specific" requirements within the purview of Section 35, Article II of the Ohio Constitution.

In granting the writ in case No. 72-394, the Court of Appeals relied not only on R. C. 4109.13(E), but also on its conclusion that respondent "abused its discretion" by finding that Section IC-5-03.05(A) of the Code of Specific Safety Requirements adopted by the Industrial Commission of Ohio relative to Workshops and Factories was not applicable. By both brief and oral argument, relator in case No. 72-394 concedes that neither this regulation, nor

other regulations originally asserted as a basis for recovery but now abandoned, is applicable to the facts involved in case No. 72-394. Relator now relies solely on R. C. 4109.10, 4109.12(D) and 4109.13(E).

Accordingly, the judgment is reversed in case No. 72-394.

*Judgment reversed in case No. 72-394.*

O'Neill, C. J., Herbert and Stern, JJ., concur in case No. 72-394.

Schneider, Corrigan and Brown, JJ., dissent.

Schneider, J., dissenting. As to case No. 72-394, I would hold that both R. C. 4109.12(D) and R. C. 4109.-13(E) are specific requirements and therefore applicable to justify the judgment of the Court of Appeals.

As to case No. 72-395, R. C. 4109.12(U) forbids a youngster under 18 to be permitted to work in the operation of a motor vehicle. How specific can words be? The young lady received her injuries in employment directly contrary to this prohibition. She should recover an additional award as a penalty to her employer for his violation of a specific statute. Anything to the contrary in the previous decisions of this court has outlived its propriety.