THE STATE, EX REL. JACK CONIE & SONS CORP., APPELLANT, *v.* INDUSTRIAL COMMISSION ET AL., APPELLEES.

(No. 78-243—Decided December 4, 1978.)

152

Messrs, Knepper, White, Arter & Hadden and Mr. Roger L. Sabo, for appellant.

Mr. William J. Brown, attorney general, and Mr. William Naperstick, for appellee Industrial Commission.

Messrs. James & Jack and Mr. Arnold L. Jack, for appellees Elizabeth Jones and Barbara J. Phillips.

Per Curiam. Appellant alleges that the commission abused its discretion in allowing claimant's application for an additional award of compensation for violation of a specific safety requirement.

Section 35, Article II of the Constitution of Ohio provides, in pertinent part, as follows:

"* * * [The Industrial Commission] shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with *any specific requirement* for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board * * *. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death * * *." (Emphasis added.)

The sole issue in the instant cause is whether IC-3-11.03(A) constitutes a specific safety requirement. IC-3-11.03 (A) provides:

"Trenches: The exposed faces of all trenches more

than five (5) feet in depth shall be supported and held in place by a substantial bracing system.

"" * * *

"The requirements of IC-3-11.03 (A) covering trenches and excavations, do not apply to: (1) Trenches and excavations made in rock or hard shale; (2) trenches and excavations, the exposed faces of which are sloped to the angle of repose of the material being excavated, but in no case, shall the angle of exposed faces be less than one (1) foot horizontally, to three (3) feet vertically, and (3) trenches in which substantially fabricated safety cages are used."

The basic test of whether a regulation involves a specific safety standard is expressed in *State, ex rel. Holdosh,* v. *Indus. Comm.* (1948), 149 Ohio St. 179, at pages 181-182:

"As ordinarily understood, a 'specific requirement' is one which demands that some particular and definite act or thing be done."

In paragraph one of the syllabus in *State, ex rel. Trydle,* v. *Indus. Comm.* (1972), 32 Ohio St. 2d 257, this court held:

"The term, 'specific requirement,' as used in Section 35, Article II of the Constitution of Ohio, does not comprehend a general course of conduct or general duties or obligations flowing from the relation of employer and employee, but embraces such lawful, specific and definite requirements or standards of conduct as are prescribed by statute or by orders of the Industrial Commission, and which are of a character plainly to apprise an employer of his legal obligation toward his employees."

It is undisputed that the trench was not made in rock or hard shale; that no bracing system supported the trench; that no safety cage was used; and that the trench was more than five feet in depth. However, appellant contends that IC-3-11.03 (A) does not provide an employer excavating in clay soil with a " 'reasonably clear standard of culpability.' "

Appellant's argument is essentially that, because it is not possible to accurately determine the angle of repose for

clay soil, the regulation in question does not properly apprise the employer of his obligation.

We are not persuaded by appellant's argument in that it focuses upon an exception to the primary obligation imposed by IC-3-11.03 (A). A more reasonable interpretation of the regulation is provided by the Court of Appeals in the present cause:

"The *primary obligation* imposed by the regulation is to apply substantial bracing. As an alternative, the exposed faces of the trench may be sloped to the angle of repose of the materials being excavated, * * *. *If relator* [appellant] *was unable to ascertain the angle of repose, then it would be required to afford substantial bracing or utilize the other alternative, a safety cage.*" (Emphasis added.)

We hold that IC-3-11.03 (A) constitutes a specific safety regulation. It requires an employer, such as appellant, to substantially brace a trench which is more than five feet deep, unless the employer can show that one of the alternative means of protection provided in IC-3-11.03 (A) was utilized. Since appellant could not show that it had used an alternative method, appellant was under an obligation to substantially brace the trench, which it failed to do.

Therefore, the judgment of the Court of Appeals denying appellant's requested writ of mandamus is affirmed.

*Judgment affirmed.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.