THE STATE, EX REL. CRESCENT METAL PRODUCTS, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Metal Products, v. Indus. Comm. (1980), 61 Ohio St. 2d 280.]

(No. 79-1074—Decided February 27, 1980.)

*Messrs. Zellmer & Gruber, Mr. Sheldon R. Jaffery* and *Ms. Joyce L. Koontz,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Lee M. Smith,* for appellee Industrial Commission.

*Mr. Benjamin B. Sheerer,* for appellee Comiskey.

*Per Curiam.* IC-5-08.03(A)(1) provides that "[e]very power press in use shall be constructed, or shall be guarded to prevent the hands or fingers of the operator from entering the danger zone during the operating cycle." IC-5-08.03(G) provides that "[t]he requirements of IC-5-08.03(A) to IC-5-08.03(F), inclusive, shall be applicable to power press brakes when used for other then bending or breaking." Appellant does not dispute the finding of the commission that the press brake was not constructed or guarded to meet the requirements of IC-5-08.03(A) and (G). Rather, it alleges that any obligations imposed upon it by IC-5-08.03(A) and (G) are so uncertain as to make them invalid. To be constitutional under Section 35, Article II of the Constitution of Ohio, a specific safety requirement must prescribe specific and definite requirements or standards of conduct which are of a character plainly to apprise an employer of his legal obligations toward his employees. *State, ex rel. Trydle,* v. *Indus. Comm.* (1972), 32 Ohio St. 2d 257.

Clearly, IC-5-08.03(G) contemplates that the construction and guarding requirements of IC-5-08.03(A) apply to certain uses of a power press brake. Appellant contends, in essence, that it does not plainly apprise an employer in the industry that it applies when it is used to make four bends in a piece of sheet metal in four hits by the machine. We do not believe, however, that appellant has met its burden of proof to establish that the requirements of IC-5-08.03(A) and (G) are not sufficiently clear to those in the industry. Indeed, appellant offered evidence before the commission that it is common in the industry to refer to a "forming" operation on a press brake when multiple bends are made with a single hit by the machine. Thus, in essence, it seems that appellant is really arguing that the commission erred in finding that Comiskey was involved in a forming operation when injured.

This court will not issue a writ of mandamus against the commission unless it abused its discretion in that there is no evidence to support its decision. *State, ex rel. City Iron Works,* v. *Indus. Comm.* (1977), 52 Ohio St. 2d 1, 3. Appellant's own plant foreman, Hudik, testified in his affidavit, however, that Comiskey had been using the press brake in a "forming and bending process" on the date of his injury. Thus, the commission did not abuse its discretion in issuing its finding herein.

Appellant also argues that the commission abused its discretion when its hearing officer refused to admit in evidence a manufacturer's brochure on press brakes and a further affidavit by Hudik as support for appellant's motion for rehearing. The hearing officer refused to admit the evidence because he believed that it was not "new and additional proof." See Ohio Adm. Code 4121-3-20(G). Based on the record before us, we cannot say that this constitutes an abuse of discretion.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.