THE STATE EX REL. BURCHFIELD, APPELLANT, *v.* PRINTECH CORPORATION;
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Burchfield v. Printech
Corp.* (1998), 83 Ohio St.3d 169.]

(No. 95–2505—Submitted June 24, 1998—Decided September 23, 1998.)

*Daniel D. Connor Co., L.P.A., Daniel D. Connor* and *Kenneth S. Hafenstein,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Miltina A. Gavia,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** A specific safety requirement must prescribe "specific and definite requirements or standards of conduct * * * which are of a character plainly to apprise an employer of his legal obligation towards his employees." *State ex rel. Trydle v. Indus. Comm.* (1972), 32 Ohio St.2d 257, 61 O.O.2d 488, 291 N.E.2d 748, paragraph one of the syllabus. Moreover, because a VSSR is an employer penalty, the specific safety requirement "must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer." *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219.

The commission found that claimant's job did not present a clear foot hazard, rendering Ohio Adm.Code 4121:1-5-17(E) inapplicable. Claimant "does not dispute that, in and of itself, the operation of a binding machine does not present a clear foot hazard." She nevertheless argues that there were other potential foot hazards that mandated compliance with the safety requirement. This argument is unpersuasive.

Claimant's proposed foot hazards are too nebulous. It is not that they are not possible. To the contrary, using claimant's examples, they exist everywhere. That claimant could drop a book on her foot or that something else conceivably could fall on it is assuredly not the type of hazard envisioned by the Administrative Code's authors as requiring protection. If it were, *every* employer would be required to supply its employees with safety shoes should a drawer fall from a desk or a desk chair roll over toes.

Turning to *Trydle*, we cannot envision how an employer would be plainly apprised that the possibility of a foot injury that exists as a part of everyday life—both at and away from work—imposed upon it the legal obligation to provide safety shoes. Coupled with *Burton*'s underlying strict construction directive, we hold that the commission did not abuse its discretion in finding that Ohio Adm.Code 4121:1–5–17(E) was not violated.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.