[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 169.]

THE STATE EX REL. BURCHFIELD, APPELLANT, *v.* PRINTECH CORPORATION; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Burchfield v. Printech Corp.*, 1998-Ohio-121.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying a VSSR claim involving foot protection, when.*

(No. 95-2505—Submitted June 24, 1998—Decided September 23, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD11-1657.

_____

{¶ 1} Appellant-claimant, Jayne E. Burchfield, was employed as a "bindery technician" for Printech Corporation. As part of her duties, claimant would pick up the books, walk four to five steps, and place the books in a box that was resting on a wooden skid. On November 8, 1989, claimant was putting the books into a box when a co-worker inadvertently lowered the skid onto claimant's foot, causing injury.

{¶ 2} After claimant's workers' compensation claim was allowed by appellee, Industrial Commission of Ohio, she sought additional compensation, claiming that her employer had violated specific safety requirement ("VSSR") Ohio Adm.Code 4121:1-5-17(E), which reads:

"Foot protection shall be made available by the employer and shall be worn by the employee where an employee is exposed to machinery or equipment that represents a foot hazard or where an employee is handling material which presents a foot hazard."

{¶ 3} The commission denied claimant's VSSR application, writing:

"It is found the [*sic*] O.A.C. 4121:1-5-17(E) does not impose a clear requirement upon this employer to provide foot protection. Operating a binding machine in a publishing facility does not present a clear foot hazard. The claimant

testified she was unaware of any other similar foot injuries at the facility. Additionally, per the testimony of the claimant and the accident report completed by Robert Black, the skid should not have been raised off the floor. This was an unforeseeable sequence of events and the employer was not on notice that a foot hazard existed for this claimant.

"Additionally, even if foot protection were required, there is no evidence that this injury would have been prevented or minimized had the claimant been wearing steel-toed shoes. The claimant indicates the weight of the object dropped onto her foot was approximately 1000 (one thousand) pounds. There is no evidence [that] steel toed shoes would be effective against such excessive weight; in fact, the steel toed shoes may have made the injury worse as the steel may have severed the claimant's foot had it collapsed under such a weight.

"Therefore, claimant's IC-8 [VSSR] application is denied."

{¶ 4} Rehearing was denied.

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying a VSSR. The court of appeals denied the writ.

{¶ 6} This cause is now before this court upon an appeal as of right.

————————————

*Daniel D. Connor Co., L.P.A., Daniel D. Connor* and *Kenneth S. Hafenstein*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Miltina A. Gavia*, Assistant Attorney General, for appellee.

————————————

***Per Curiam.***

{¶ 7} A specific safety requirement must prescribe "specific and definite requirements or standards of conduct * * * which are of a character plainly to apprise an employer of his legal obligation towards his employees." *State ex rel.*

2

*Trydle v. Indus. Comm.* (1972), 32 Ohio St.2d 257, 61 O.O.2d 488, 291 N.E.2d 748, paragraph one of the syllabus. Moreover, because a VSSR is an employer penalty, the specific safety requirement "must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer." *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219.

{¶ 8} The commission found that claimant's job did not present a clear foot hazard, rendering Ohio Adm.Code 4121:1-5-17(E) inapplicable. Claimant "does not dispute that, in and of itself, the operation of a binding machine does not present a clear foot hazard." She nevertheless argues that there were other potential foot hazards that mandated compliance with the safety requirement. This argument is unpersuasive.

{¶ 9} Claimant's proposed foot hazards are too nebulous. It is not that they are not possible. To the contrary, using claimant's examples, they exist everywhere. That claimant could drop a book on her foot or that something else conceivably could fall on it is assuredly not the type of hazard envisioned by the Administrative Code's authors as requiring protection. If it were, *every* employer would be required to supply its employees with safety shoes should a drawer fall from a desk or a desk chair roll over toes.

{¶ 10} Turning to *Trydle*, we cannot envision how an employer would be plainly apprised that the possibility of a foot injury that exists as a part of everyday life — both at and away from work — imposed upon it the legal obligation to provide safety shoes. Coupled with *Burton*'s underlying strict construction directive, we hold that the commission did not abuse its discretion in finding that Ohio Adm.Code 4121:1-5-17(E) was not violated.

{¶ 11} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____