[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 165.]

THE STATE EX REL. CARDER, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Carder v. Indus. Comm*., 2002-Ohio-344.]

*Workers' compensation—Industrial Commission did not abuse its discretion in denying VSSR claim when it refused to construe a skylight as a roof opening for purposes of former Ohio Adm.Code 4121:1-3-04(D)(3).*

(No. 00-2226—Submitted November 13, 2001—Decided January 30, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1169.

————————————

*Per Curiam*.

{¶ 1} On April 22, 1997, appellant-claimant, Gregory A. Carder, was working as a roofer for Colonial Builders, Inc. ("CBI"), reroofing a commercial building in Toledo, Ohio. What happened in the late afternoon on that day is unclear. Claimant stated that he lost his balance and fell through a skylight in the roof. Another witness indicated that claimant was sitting on the skylight and it broke. In any event, claimant was injured when he fell to the floor below.

{¶ 2} After his workers' compensation claim was allowed, claimant moved appellee Industrial Commission of Ohio for additional compensation, alleging that CBI had violated former Ohio Adm.Code 4121:1-3-04(D)(3), which stated:

"(3) Roof openings

"Wherever there is a danger of an employee falling through a roof opening, a standard guard railing and toeboard shall be provided on all exposed sides or a cover which provides a factor of safety of no less than four shall be provided." 1979-1980 Ohio Monthly Record 4-32. (The current version of the rule explicitly applies to skylights. 1998-1999 Ohio Monthly Record 847, eff. Apr. 1, 1999.)

{¶ 3} The commission denied the application:

"It is found that this claim and injury did not involve a 'roof opening.' This was not a new construction site, and claimant did fall through (and break) the existing skylight. This provision for 'roof openings' would not adequately apprise the employer that a guard railing or a cover would be required to prevent a worker from falling thorough [*sic*] a skylight such as this.

"As it has not been shown that a specific safety requirement applied to this injury and the facts in this case, the VSSR application must be denied."

{¶ 4} Further hearing was denied.

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his application. The court of appeals disagreed, finding that the commission did not abuse its discretion in refusing to construe a skylight as a roof opening. This cause is now before this court upon an appeal as of right.

{¶ 6} Two principles control. First, specific safety requirements must contain specific and definite requirements of a character that plainly apprises an employer of its legal obligations. *State ex rel. Trydle v. Indus. Comm.* (1972), 32 Ohio St.2d 257, 61 O.O.2d 488, 291 N.E.2d 748. Second, because an award for a violation of a specific safety requirement is a penalty against the employer, all reasonable doubts regarding the applicability of the requirement must be resolved in the employer's favor. *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 545 N.E.2d 1216.

{¶ 7} "Opening" is not defined by the safety code, leaving its interpretation to the commission. Given the above principles, it was not an abuse of discretion for the commission to determine that a closed skylight did not constitute a roof opening for purposes of Ohio Adm.Code 4121:1-3-04(D)(3). As the the magistrate best observed:

"The word 'opening' has been defined as a gap, hole, breach, aperture, open width, or open span. See Webster's Ninth New Collegiate Dictionary (1987), 826;

Merriam Webster's Collegiate Dictionary (1995), 814. There simply was no 'opening' for the employer to consider. Whether a rule should exist that protects workers against weak portions of roofs is not before the court; the issue is simply whether the commission was within its discretion to conclude that the rules for 'openings' would not have placed the employer on notice of an obligation to guard the glassed portions of the roof. The magistrate agrees that the plain meaning of 'openings' would not suggest to employers that they need to test coverings already in place and provide stronger ones where the existing coverings would not hold a certain amount of weight."

**{¶ 8}** The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Gallon & Takacs Co., L.P.A.*, and *Theodore A. Bowman*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee.

————————————