THE STATE, EX REL. ZITO, APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE;
ASSOCIATED BUILDERS CORP., APPELLANT.

(No. 80-634—Decided December 3, 1980.)

*Mr. George A. Nelson,* for appellee Sam J. Zito.
*Mr. William J. Brown,* attorney general, and *Mr. Bradley
J. Finn,* for appellee Industrial Commission.
*Mr. Thomas J. Dorchak,* for appellant.

*Per Curiam.* The basis for the commission's denial of appellee's application for an additional award was that ABC, appellee's employer, did not construct the scaffold from which appellee fell. The commission reasoned that since the scaffold was constructed by ABC's subcontractor, and not by ABC, there is no liability on the part of ABC for a specific safety requirement violation.

Compensation for a specific safety requirement violation is predicated on Section 35 of Article II of the Ohio Constitution, which provides, in part:

"***Such board [the Industrial Commission] shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final***."

In interpreting that constitutional section, this court, in *State, ex rel. Whitman,* v. *Indus. Comm.* (1936), 131 Ohio St. 375, stated:

"***The language and spirit of the constitutional provision, properly construed, authorize such imposition only upon that employer whose failure to comply caused death or injury to his employee."

The question presented to this court is whether Section 35 of Article II was intended to impose liability on an "employer" in the position of ABC. The primary authority for this court's decision is *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200. In *Reed,* we held:

"An employer who neither owns nor is responsible for the condition and maintenance of a device used by his employee in doing work for the owner thereof, which device as constructed is violative of a specific safety requirement imposed by law or by an order of the Industrial Commission, and the employee is injured in its use and because of its condition, such employer is not the 'employer' comprehended by Section 35, Article II of the Constitution of Ohio, for whose disregard of a specific safety requirement the Industrial Commission is empowered to make an additional compensation award to the injured employee."

The negative implication of our holding in *Reed* is that an employer who owns *or* is responsible for the condition and maintenance of a device used by his employee is an "employer" potentially liable under Section 35 of Article II. We further stated in *Reed,* at page 203, that "it would * * *seem unfair under these circumstances to punish * * *[the employer] for a condition which he did not create and which he had no authority to alter or correct* * *."

The question arises whether it would be similarly unfair to punish ABC, a *general* contractor, which had the arguable authority to alter or correct any deficiencies on the entire construction site. We are of the opinion that it would not be unfair, and such responsibility is within the contemplation of Section 35 of Article II.

This court has held that "* * *the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16. However, that standard of review is not relevant here since the commission made no factual determination when it considered appellee's application for an additional award for a specific safety requirement violation. The commission applied the wrong legal standard in determining whether ABC is an "employer" under Section 35 of Article II.

The test is not whether the employer constructed the scaffold. Rather, we hold that in the case of a general contractor, there may exist the requisite degree of responsibility to warrant imposition of a specific safety requirement violation on that employer. We are mindful that the finding of such a violation is in the nature of a penalty. See *State, ex rel. Whitman, supra,* at page 379. Nevertheless, we are of the opinion that an imposition of this penalty on a general contractor may be proper under certain factual patterns.

Accordingly, the judgment of the Court of Appeals is affirmed and the cause is remanded to the Industrial Commission for a hearing on the possible specific safety requirement violation. The commission should determine whether ABC is an "employer" within the contemplation of Section 35 of Article II, as construed by this court in *Reed* and the instant

decision. Cf. *State, ex rel. Warr,* v. *Indus. Comm.* (1977), 49 Ohio St. 2d 268. If the commission finds ABC to be such an employer, the commission must further determine if there was a specific safety requirement violation by ABC.

*Judgment affirmed and cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

HOLMES, J., concurring. I concur in the opinion in this case which remands this matter to the Industrial Commission for a hearing on the degree of control this employer had over the scaffolding from which the employee fell and was injured.

It is my position, however, that a general contractor may not be held responsible generally for the failure of his subcontractor to follow the specific safety requirements as provided for by the Industrial Commission. It would be unfair to punish the general contractor merely on the basis that he had the arguable authority to alter or correct any deficiencies regarding specific safety requirements on the entire construction site.

Here the facts presented tend to show that this general contractor employer entered into a subcontract with the subcontractor brick masonry company, which contract apparently called for this general contractor's employees to go onto the subject scaffolding in order to set additional angle irons upon which yet higher scaffolding could be placed. Apparently, due to the union regulations of the bricklayer trade, the subcontractor was not permitted to use its employees in such work. Under such facts and conditions, if such indeed are found to be so, it could be further reasonably found that the appellant general contractor's employee had gone onto the platform in behalf of the general contractor in carrying out the overall contract. Therefore, it could further reasonably be found that the general contractor did have that degree of control over the scaffold to effect the end purposes of his general contract. On the facts of this case, I concur.