[This case has been published in *Ohio Official Reports* at 77 Ohio St.3d 271.]

THE STATE EX REL. NEWMAN ET AL., APPELLEES, *v.* INDUSTRIAL

COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Newman v. Indus. Comm.*, 1997-Ohio-62.]

*Workers' compensation—Customer companies of temporary service agencies are "employers" subject to claims for violations of specific safety requirements.*

Customer companies of temporary service agencies are "employers" subject to claims for violations of specific safety requirements.

(No. 94-1675—Submitted September 24, 1996—Decided January 15, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-486.

_____

{¶ 1} Relator-appellees, Jeffrey Newman, Hillard E. Foster, Jr., and Kelly Henderson, were employed by temporary employment services. They were all assigned to work for a customer of their employment service where, in the course of their employment, they suffered work-related injuries. Appellees' workers' compensation claims for their injuries were all allowed.

{¶ 2} Appellees filed applications for violation of specific safety requirements ("VSSR"), stating on their applications that they were injured while employed by their temporary services: (Newman) Manpower, Inc., (Foster) Victor Temporary, Inc., and (Henderson) Kelly Services, Inc. Appellees also named as their employers the companies where their injuries occurred: (Newman) Wigand Corporation, (Foster) Invacare, Inc., and (Henderson) Forest City Foam Products. Appellees' VSSR claims against the temporary employment services were all denied on the basis that the services had no control over the conditions alleged to be in violation of the commission's specific safety requirements. The Industrial

Commission refused to take action or make findings with respect to the claims against the customer companies. Appellees' motions for rehearing were all denied.

{¶ 3} Appellees filed a joint writ of mandamus seeking to compel the appellant, Industrial Commission, to take jurisdiction over their applications as to the customer companies. The writ also sought an order requiring the appellant to investigate, hear and determine appellees' VSSR claims against the customer companies.

{¶ 4} The court of appeals adopted its referee's report and granted the writ of mandamus.

{¶ 5} This matter is now before this court upon an appeal as of right.

_____

*Weiner & Suit Co., L.P.A.*, and *Walter Kaufmann,* for appellees.

*Betty D. Montgomery,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellant.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging affirmance for *amicus curiae,* Ohio Academy of Trial Lawyers.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 6} This court must decide whether customer companies of temporary service agencies are "employers" subject to claims for violations of specific safety requirements. For the following reasons, we find that they are employers for purposes of VSSR claims. Accordingly, we affirm the court of appeals' judgment which issued a writ of mandamus ordering the Industrial Commission to consider appellees' VSSR claims.

{¶ 7} Article II, Section 35 of the Ohio Constitution provides for the granting of an additional award over and above the standard workers' compensation benefits where the claimant's injury or death is found to have been caused by the employer's violation of a specific safety requirement of the commission. The

2

workers' compensation premium does not cover the additional award. The VSSR is an award paid by the employer directly. Thus, a VSSR award is not a modification of a previous award, but is a new, separate, and distinct award. *State ex rel. Curry v. Indus. Comm.* (1979), 58 Ohio St.2d 268, 269, 12 O.O.3d 271, 272, 389 N.E.2d 1126, 1128.

{¶ 8} An employee seeking to recover on a VSSR claim must show more than the violation and proximate causation. The employee must also show that his or her employer is the party that violated the specific safety requirement. *State ex rel. Lyburn Constr. Co. v. Indus. Comm.* (1985), 18 Ohio St.3d 277, 279, 18 OBR 329, 331, 480 N.E.2d 1109, 1111.

{¶ 9} Appellees cite *Daniels v. MacGregor Co*. (1965), 2 Ohio St.2d 89, 31 O.O.2d 141, 206 N.E.2d 554, in support for their argument that the customer companies may be deemed to be their employers for purposes of VSSR claims. In *Daniels*, an employee of a temporary agency was injured while working for a customer of that agency. The employee received workers' compensation benefits through a claim filed with the temporary agency. The employee then attempted to bring a tort action against the customer for damages. However, this court held that the customer, who had complied with the workers' compensation provisions, could not be sued for damages. In so holding, this court stated:

"Where an employer employs an employee with the understanding that the employee is to be paid only by the employer and at a certain hourly rate to work for a customer of the employer and where it is understood that that customer is to have the right to control the manner or means of performing the work, such employee in doing that work *is an employee of the customer within the meaning of the Workmen's Compensation Act."* (Emphasis added.) *Id.* at syllabus; *Campbell v. Cent. Terminal Warehouse* (1978), 56 Ohio St.2d 173, 10 O.O.3d 342, 383 N.E.2d 135; see, also, *State ex rel. Zito v. Indus. Comm*. (1980), 64 Ohio St.2d 53, 18 O.O.3d 257, 413 N.E.2d 787 (a general contractor who had the "authority to alter

or correct" any deficiencies on the construction site could be liable for a VSSR claim brought by employee injured by scaffolding erected by subcontractor); *State ex rel. Lyburn*, *supra*.

{¶ 10} Therefore, the court in *Daniels* found that the entity which controls the manner or means of performing the work is also the "employer" of the employee regardless of whether that entity paid the premium into the State Insurance Fund from which the compensation is paid. While *Daniels* dealt with the Workers' Compensation Act's exclusivity provision, R.C. 4123.74, we agree with appellees that its rationale should be expanded to allow coverage under the Act for VSSR claims against the customer-employer. To hold otherwise would be grossly unfair, as it would allow employers who fail to comply with the safety requirements immunity from VSSR claims as well as immunity from common-law damages. The commission's policy would permit customers of temporary agencies to avoid the requirements of the VSSR laws by making a contract with a temporary agency which lets the agency "employ" the workers on the employer's worksite. The employer who hires through a temporary agency would have no incentive to provide a safe workplace. Moreover, to adopt the Industrial Commission's position would leave temporary employees with no remedy to address injuries sustained as a result of an alleged violation of a specific safety requirement. Depriving these temporary employees of the additional award provisions of Section 35, Article II would defeat the General Assembly's purpose in enacting VSSR laws. See *State ex rel. Lyburn*, *supra,* at 280-281, 18 OBR at 332, 480 N.E.2d at 1112 (Holmes, J., dissenting).

{¶ 11} Based on the above, we conclude that a worker injured while working for a customer of a temporary service agency can pursue a VSSR claim against that customer company. Accordingly, we affirm the court of appeals' issuance of a writ of mandamus ordering the Industrial Commission to consider appellees' claims.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and STRATTON, JJ., concur.

STRATTON, J., concurs separately.

———————————

**STRATTON, J., concurring.**

{¶ 12} I concur with the majority opinion. The Industrial Commission contends that to hold the customer companies liable for a VSSR claim is to deprive them of due process because they do not participate in the underlying workers' compensation claim, nor do they have an opportunity to challenge the claim. In other words, the customer companies would be able to "have their cake and eat it too."

{¶ 13} Customer companies contract with a temporary employment service to obtain workers; at the same time, these companies contract away their obligations and responsibilities under the workers' compensation laws. The temporary agency becomes legally responsible for paying workers' compensation premiums for these workers and for processing claims. Thus, when the worker is injured on the job, the temporary agency handles the claim on behalf of the customer company per the contract.

{¶ 14} The customer company has assigned its rights and responsibilities with respect to workers' compensation to a third party, the temporary agency. The temporary agency acts as its agent in all aspects of workers' compensation coverage. When an accident or injury occurs, the customer company most likely participates to some extent in making a report or conducting an investigation. The temporary agency then represents the interests of the customer company in the processing of the workers' compensation claim. There is no reason to suspect that the temporary agency would not vigorously contest a claim it felt was not justified.

{¶ 15} Damages awarded as a result of a VSSR claim are punitive in nature. They are awarded as a result of wrongdoing to provide a strong incentive for the company to maintain a safe workplace. Ohio has long recognized a policy against contracting away one's responsibility to cover damages caused by intentional torts. *Gearing v. Nationwide Ins. Co.* (1996), 76 Ohio St.3d 34, 38, 665 N.E.2d 1115, 1118; *State Farm Mut. Ins. Co. v. Blevins* (1990), 49 Ohio St.3d 165, 551 N.E.2d 955. The temporary agency cannot be held liable because it did not control the workplace; the customer companies did exercise control over the workplace and should not be able to avoid responsibility for a valid VSSR claim by contracting away all workers' compensation liability. I do not believe the legislature intended to permit a company which is liable for a specific safety requirement in the workplace to contract away its liability to a temporary agency and thereby escape all responsibility for a violation of a specific safety requirement, leaving the worker without recourse. Therefore, I strongly agree with the majority opinion.

————————————