[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 412.]

THE STATE EX REL. WHITMER, APPELLEE, V. INDUSTRIAL COMMISSION OF OHIO; ANCHOR TOOL & DIE COMPANY, APPELLANT.

[Cite as *State ex rel. Whitmer v. Indus. Comm*., 1997-Ohio-10.]

*Workers' compensation—Customer companies of temporary service agencies are "employers" subject to claims for violations of specific safety requirements.*

(No. 95-490--Submitted April 16, 1997--Decided May 14, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD01-59.

———————————

{¶ 1} Hours, Inc. is a temporary-employment-service agency. In 1985, Hours, Inc. assigned appellee-claimant, James Whitmer, to work at appellant, Anchor Tool & Die Company ("Anchor"). On December 4, 1985, claimant was severely injured when a punch press at the Anchor plant came down on his left hand.

{¶ 2} After his workers' compensation claim had been allowed by the Industrial Commission of Ohio, claimant filed an application for additional compensation, alleging that Anchor had violated several specific safety requirements ("VSSR"). The commission denied the application. It named Hours, Inc. as claimant's employer and found that the agency's lack of ownership or control over the punch press foreclosed a VSSR award against it. The commission did not address whether Anchor may have committed a VSSR.

{¶ 3} Claimant eventually filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his VSSR application. The court of appeals vacated the order and returned the cause to the commission to determine whether Anchor had violated any of the cited specific safety requirements.

**{¶ 4}** This cause is now before this court upon an appeal as of right.

*Berger & Kirschenbaum Co., L.P.A*., and *Linda U. Elliott,* for appellee.

*Stevens & Mack* and *David E. Mack*, for appellant.

—————————————

***Per Curiam.***

**{¶ 5}** On authority of *State ex rel. Newman v. Indus. Comm*. (1997), 77 Ohio St.3d 271, 673 N.E. 2d 1301, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————————