THE STATE EX REL. G & S METAL PRODUCTS, INC.,
APPELLEE, *v.* MOORE, APPELLANT, ET AL.

[Cite as *State ex rel. G & S Metal Products, Inc.
v. Moore* (1997), 79 Ohio St.3d 471.]

(No. 95–545—Submitted May 20, 1997—Decided September 24, 1997.)

472

*Duvin, Cahn & Hutton* and *Vincent T. Norwillo,* for appellee G & S Metal Products, Inc.

*Friedman & Stern* and *Mitchell A. Stern,* for appellant.

*Per Curiam.* Moore argues that G & S committed a VSSR by failing to conduct weekly inspections, in accordance with the manufacturer's instructions, of press pull guards installed to comply with Ohio Adm.Code 4121:1–5–11(E)(4). For the reasons that follow, we disagree and affirm the court of appeals' judgment.

Ohio Adm.Code 4121:1–5–11(E) provides:

"Every hydraulic or pneumatic (air-powered) press shall be constructed, or shall be guarded, to prevent the hands or fingers of the operator from entering the danger zone during the operating cycle. Acceptable methods of guarding are:

" \* \* \*

"(4) Pull guard—attached to hands or wrists and activated by closing of press so that movement of the ram will pull the operator's hands from the danger zone during the operating cycle[.]"

Moore contends that G & S violated this regulation when it did not comply with the following provision on the manufacturer's instruction card for installing the pull guard on a press:

"(14) Frequent and regular inspection of the safety device is recommended:
" \* \* \*

"(b) Maintenance check on equipment once a week."

The gravamen of Moore's claim is that when an SSR calls for the installation of special equipment, such as the pull guard required by Ohio Adm.Code 4121:1–5–

11(E)(4), a duty to adequately inspect and maintain the equipment is inherent in the requirement. Moore also argues, in essence, that the equipment manufacturer's instructions, found here on the pull guard installation card, are the standard for measuring the adequacy of an employer's efforts to inspect and maintain equipment. Thus, she asserts that noncompliance with safety instructions for inspecting and maintaining SSR equipment is tantamount to violation of the requirement itself.

The commission apparently subscribed to this theory, but the court of appeals was not convinced. It observed that the pull guard installation instructions recommended, but did not require, weekly inspections and that these terms are not interchangeable. The court refused to interpret "recommended" as meaning "required." To do so would violate the rule that SSRs, being the basis for penalizing noncomplying employers, are to be construed, where reasonable, against applicability to the employer. *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219. The court of appeals thus rejected Moore's argument that Ohio Adm.Code 4121:1–5–11(E)(4) incorporates a weekly inspection requirement and that G & S had committed a VSSR by failing to comply.

Moore cites *State ex rel. Reed v. Indus. Comm.* (1965), 2 Ohio St.2d 200, 31 O.O.2d 408, 207 N.E.2d 755, and *State ex rel. Zito v. Indus. Comm.* (1980), 64 Ohio St.2d 53, 18 O.O.3d 257, 413 N.E.2d 787, to establish the duty to adequately inspect and maintain any equipment required by an SSR. Her reliance is misplaced. *Zito* and *Reed* examined the relationship of contractors and subcontractors, their equipment, and their respective liability for VSSRs resulting in their employees' injuries. The decisions in those cases suggested that contractors and subcontractors may be liable as employers for VSSR penalties when they have authority to alter or correct the condition of equipment that results in a VSSR injury, a holding we recently confirmed in *State ex rel. Newman v. Indus. Comm.* (1997), 77 Ohio St.3d 271, 673 N.E.2d 1301. The implication that those who exercise control over equipment may be liable for a VSSR, however, does not expand an employer's duty beyond what has always been required: compliance with the express terms in an SSR.

G & S, on the other hand, cites legitimate authority for the argument that a VSSR results only when an employer's acts contravene express statutory or regulatory provisions. *State ex rel. Trydle v. Indus. Comm.* (1972), 32 Ohio St.2d 257, 61 O.O.2d 488, 291 N.E.2d 748, paragraphs one and two of the syllabus, narrowly defined SSRs as standards of conduct that are prescribed by statute or by the commission to plainly apprise an employer of his legal obligation to his employees. And *State ex rel. Ish v. Indus. Comm.* (1985), 19 Ohio St.3d 28, 19 OBR 24, 482 N.E.2d 941, justifies G & S's strict reading of SSRs, holding that an

employer does not commit a VSSR by failing to comply with industry standards that neither the General Assembly nor the commission has adopted.

We have held that SSRs must "forewarn the employer and establish a standard which [the employer] may follow." *State ex rel. Howard Eng. & Mfg. Co. v. Indus. Comm.* (1947), 148 Ohio St. 165, 35 O.O. 183, 74 N.E.2d 201, paragraph one of the syllabus. Ohio Adm.Code 4121:1-5-11(E)(4) simply does not require maintenance inspections on a weekly basis. If we were to read a weekly inspection requirement into the rule, we would unfairly dispense with the notice requirement. Moreover, the commission has promulgated SSRs that specifically incorporate manufacturer instructions requiring inspection and repair of certain industrial equipment, see *State ex rel. Morrissey v. Indus. Comm.* (1985), 18 Ohio St.3d 285, 287, 18 OBR 336, 338, 480 N.E.2d 810, 812 (administrative rule required that portable explosive-actuated fastening tools be "repaired in accordance with the manufacturer's specifications"), but Ohio Adm.Code 4121:1-5-11(E)(4) is not such a rule. Thus, by imposing the duty Moore proposes, we would also encroach upon the commission's rulemaking authority.

This is not to say, however, that the commission can never consult manufacturer specifications in evaluating an employer's compliance with SSRs. As the court of appeals recognized, a manufacturer's manual is sometimes relevant to the commission's determination of whether an employer violated a specific safety requirement. Thus, in *State ex rel. Martin Painting & Coating Co. v. Indus. Comm.* (1997), 78 Ohio St.3d 333, 678 N.E.2d 206, we approved of the commission's consideration of manufacturer specifications for the proper construction of a scaffold required by an SSR.

In *Martin Painting,* an SSR directed that industry scaffolds support four times their maximum rated load, but it did not specify exactly how to brace the scaffold for this weight. After two employees were killed when a scaffold fell, the commission found that the employer had committed a VSSR by failing to provide adequate counterweight in accordance with the manufacturer specifications, even though the SSR did not mention counterweights. We determined that the VSSR award was not an abuse of discretion to be corrected in mandamus because adequate counterweight was "implicit in the satisfaction of" the applicable SSR. *Id.,* 78 Ohio St.3d at 339, 678 N.E.2d at 211.

The logical, albeit unstated, rationale for *Martin Painting* is that when a duty to install safety equipment is established by an SSR and an industrial injury results from an employer's failure to follow manufacturer specifications essential to the operation of the safety equipment, it is as if the employer had no safety equipment at all, and the employer's faulty construction or installation can produce VSSR liability. The same is not true for properly installed or constructed safety equipment that is not maintained in accordance with every detail of a

manufacturer's maintenance and inspection instructions. SSR equipment may perform its essential function despite the employer's failure to perfectly comply with such instructions. Thus, *Martin Painting* does not stand for the proposition that manufacturer instructions are considered an inherent part of an SSR. Instead, *Martin Painting* establishes that VSSR liability may lie when failure to comply with manufacturer instructions frustrates the equipment's ability to perform its essential safety function.

VSSR penalties may be imposed with prior notice and noncompliance with express SSR provisions. Ohio Adm.Code 4121:1–5–11(E)(4) does not expressly require that employers conduct maintenance inspections on a weekly basis. Accordingly, we affirm the court of appeals' judgment that G & S has no VSSR liability.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals.