OPINION
{¶ 1} On January 11, 2002, the Delaware County Grand Jury indicted appellant, Ricky Smith, Jr., on two counts of felony nonsupport in violation of R.C. 2919.21(A)(2) and(B).
 {¶ 2} A bench trial was held on April 25, 2002. The trial court found appellant guilty as charged. By judgment entry filed June 13, 2002, the trial court sentenced appellant to five years of community control sanctions.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The verdict is against the manifest weight of the evidence in that defendant was incarcerated for all but approximately 16 (16) weeks and five (5) days of the time described in the verdict indictment herein."
 II {¶ 5} "The court in its verdict committed error in that the court found that defendant failed to provide adequate support for the total accumulated period of twenty-six (26) weeks between 6/01/2000 and 11/30/2001 as the court failed to consider that the defendant was incarcerated for all but approximately sixteen (16) weeks and five (5) days of said time frame and time periods during which the defendant/appellant is incarcerated may not be used to compromise any or all of the twenty-six (26) week period."
 I, II {¶ 6} Appellants two assignments of error contest the trial court's finding of guilty as being against the manifest weight of the evidence.
 {¶ 7} On review for manifest weight, a reviewing court Is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983).20 Ohio App.3d 172, 175. See also, State v. Thompkins, 18 Ohio St.3d 380,1997-Ohio-62. The granting of a now trial "should be exercised only In the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 8} By indictment filed January 11, 2002, appellant was charged with the following:
 {¶ 9} "Count One: THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County of Delaware, on their oaths, in the name and by the authority of the State of Ohio, do find and present that during the period of June 1, 2000 through November 30, 2001, at Delaware County, Ohio, RICKY A. SMITH, JR.,
 {¶ 10} "did, abandon or fail to provide adequate support as required by law for Dakery Smith, DOB: 2/13/92, Chance Smith, DOB: 4112/94 and Olivia Smith, DOB: 2/27/07, his legitimate or illegitimate children under 18 years of age, whom the Defendant is legally obligated to support. Such failure to pay included a total accumulated period of 26 weeks out of 104 consecutive weeks, the said Defendant having previously been convicted of Nonsupport Or Contributing To Nonsupport Of Dependants in the Delaware County Court of Common Pleas, Juvenile Division in Case No, 00-02-0276,
 {¶ 11} "this being in violation of Section 2919.21(A)(2) of the Ohio Revised Code and against the peace and dignity of the State of Ohio.
 {¶ 12} "Count Two: THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County of Delaware, on their oaths, in the name and by the authority of the State of Ohio, do find and present that during the period of June 1, 2000 through November 30, 2001, at Delaware County, Ohio, RICKY A. SMITH, JR.,
 {¶ 13} "did, abandon or fail to provide support as established by a court order to Dakery Smith, DOB: 2/13/92, Chance Smith, DOB: 4/12/94 and Olivia Smith, DOB: 2/27/97, whom, by court order or decree the offender is legally obligated to support. Such failure to pay included a total accumulated period of 26 weeks out of 104 consecutive weeks, the said Defendant having previously been convicted of Nonsupport Or Contributing To Nonsupport Of Dependants in the Delaware County Court of Common Pleas, Juvenile Division in Case No. 00-02-0276,
 {¶ 14} "this being in violation of Section 2919.21(A)(2) of the Ohio Revised Code and against the peace and dignity of the State of Ohio."
 {¶ 15} Appellant argues he cannot be found guilty of nonsupport for a continuous twenty-six week period because there was no evidence of ability to pay. In addition, appellant argues the trial court equated his incarceration during the twenty-six week period with voluntary unemployment and therefore determined appellant was guilty of criminal nonsupport. We note both appellant and appellee agree with the facts presented to the trial court.
 {¶ 16} Upon review, we read the trial court's decision differently. In its judgment entry of April 25, 2002, the trial court found appellant "failed to provide adequate support for a total accumulated period of twenty-six weeks and that the Defendant was previously convicted of the crime of Nonsupport or Contributing To Nonsupport Of Dependants."
 {¶ 17} R.C. 2919.21 governs nonsupport of dependents and states the following in pertinent part:
 {¶ 18} "(A) No person shall abandon, or fail to provide adequate support to:
 {¶ 19} "(1) The person's spouse, as required by law;
 {¶ 20} "(2) The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one;
 {¶ 21} "(3) The person's aged or infirm parent or adoptive parent, who from lack of ability and means is unable to provide adequately for the parents own support.
 {¶ 22} "(B) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
 {¶ 23} Subsection (G)(1) states the following:
 {¶ 24} "(G)(1) Except as otherwise provided in this division, whoever violates division (A) or (B) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (A)(2) or (B) of this section or if the offender has failed to provide support under division (A)(2) or (B) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) or (B) of this section is a felony of the fifth degree. * * *"(Emphasis added.)
 {¶ 25} Because appellant's previous conviction was included in the indictment and because subsection (G)(1) is written in the disjunctive as opposed to the conjunctive, we find the trial court was correct in finding the issue of appellant's incarceration was irrelevant.
 {¶ 26} During the trial, Wendy Shannon of the Delaware County Child Support Enforcement Agency testified appellant owed a $3,110.00 child support arrearage as of March 31, 2002. T. at 14. Ms. Shannon testified that during the time period listed in the indictment, appellant was not incarcerated for sixteen weeks and five days however, he never made a child support payment. T. at 14, 18-19. Ms. Shannon testified to appellant's prior conviction for nonsupport. T. at 16-17; State's Exhibit 4.
 {¶ 27} Upon review, we find the trial court's verdict is not against the manifest weight of the evidence.
 {¶ 28} Assignments of Error I and II are denied.
 {¶ 29} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J, and Edwards, J. concur.