Per Curiam.
{¶ 1} This is an appeal in a mandamus case challenging an award to a workers’ compensation claimant of additional compensation for the violation of a specific safety requirement (“VSSR”). Appellant, Precision Steel Services, Inc., alleged that appellee Industrial Commission abused its discretion when it determined that Precision Steel violated the safety regulations in Ohio Adm.Code 4123:1-5-14(G)(1) by failing to repair or replace a crane hook that was missing a safety latch and those in Ohio Adm.Code 4123:l-5-15(B) by failing to remove the crane from service due to the missing latch, proximately causing injury to appellee Melvin E. Myers in the course and scope of his employment.
{¶ 2} Because neither rule at issue sets forth a specific safety requirement regarding a latch on a hook attached to a crane, the commission’s decision that Precision Steel violated the rules was an abuse of discretion. Therefore, we issue a writ of mandamus requiring the commission to vacate its order granting Myers’s application for a VSSR award and to enter a new order stating that Precision Steel did not violate Ohio Adm.Code 4123:l-5-14(G)(l) and 4123:1-5-15(B).
Facts
{¶ 3} Myers was employed as a burn-table operator and fabricator by Precision Steel. On March 1, 2008, Myers was injured when a magnet holding a 1,200-pound piece of metal fell onto his left hand. Fred M. Freeman, special investigator of the Safety Violations Investigative Unit of the Bureau of Workers’ Compensation, investigated the incident. Freeman’s report stated that Myers was using a Kone XLD ten-ton double-box-girder top-running crane with an 8,000-pound electric magnet attached by a wire rope to turn over a metal piece *77 that he was welding. The record is not entirely clear as to the exact configuration of the crane or the device, but the parties agree that the wire rope holding the magnet had loops or “eyes” at both ends. The upper eye of the wire rope was attached to the crane, while a smaller eye at the bottom of the wire rope was attached to the eye of the magnet with a hook. The hook holding the magnet did not have a latch or clip closing it. As Myers was maneuvering the metal piece, the eye of the magnet slipped off the hook on the bottom of the wire rope and both the magnet and the piece of metal fell onto his hand.
{¶ 4} Myers’s workers’ compensation claim was allowed for numerous injuries, including amputation of his left hand. He received compensation for his medical expenses and lost wages.
{¶ 5} Approximately two years after the accident, Myers applied for an additional award for VSSR. He alleged that Precision Steel had violated Ohio Adm.Code 4123:1-5-14(0(1) and 4123:l-5-15(B) and (D) and that those violations had caused his injury.[1]
{¶ 6} Ohio Adm.Code 4123:1-5-14 applies to various types of power-driven cranes. Subsection (G) states:
Specific requirements that apply to all paragraphs of this rule.
(1) Defective safety devices or load-carrying equipment. Defective crane safety devices or load-carrying equipment shall be repaired or replaced.
The provisions of Ohio Adm.Code 4123:1-5-15 apply to hoisting and haulage equipment, including slings, lines, and ropes. Subsection (B) states, “Equipment shall be removed from service when there is evidence of a defect, damage, or distortion which may weaken such equipment.”
{¶ 7} A staff hearing officer determined that Ohio Adm.Code 4123:l-5-14(G)(l) applied because Myers was operating a power-driven crane. The hearing officer stated that “the evidence shows that the crane causing [Myers’s] injury had a defective safety device. The defect was that the safety latch was not present on the crane hook” and that “the equipment should have been repaired or replaced according to [Ohio Adm.Code] 4123:l-5-14(G)(l).”
{¶ 8} The hearing officer further determined that “the lack of a safety latch amounted to a defect which weakened the equipment (the magnet came off because a safety latch was missing)” and that Precision Steel should have *78 removed the crane from service under Ohio Adm.Code 4123:l-5-15(B). The hearing officer concluded that Precision Steel failed to comply with both regulations and that the failure proximately caused Myers’s injury. The hearing officer granted a VSSR award to Myers.
{¶ 9} Precision Steel filed this mandamus action in the court of appeals, alleging that the commission’s order was an abuse of discretion. The matter was referred to a magistrate, who determined that the “safety devices or load-carrying equipment” in Ohio Adm.Code 4123:1-5-14(0(1) referred to the crane equipment identified in Ohio Adm.Code 4123:1-5-14(0 through (F) and that those sections did not mention a hook safety latch. According to the magistrate, Precision Steel could not have violated the rule because the rule provided no notice to repair or replace a defective hook safety latch on a crane.
{¶ 10} Next, the magistrate determined that the commission failed to address the significance of the definition of “equipment” in Ohio Adm.Code 4123:1-5-15(A) when considering whether the hook or safety latch can be viewed as equipment for purposes of section (B) of that rule. The magistrate concluded that the commission abused its discretion and that a writ of mandamus should be issued.
{¶ 11} All parties filed objections. The court of appeals issued a limited writ, but for reasons other than those stated by the magistrate. The court concluded that it was unreasonable to describe the latch as a safety device if it was a component of the crane. But the court stated that it was within the commission’s discretion to determine that the bottom hook was a component of a type of crane covered by Ohio Adm.Code 4123:1-5-14 and that therefore, that rule applied to the facts.
{¶ 12} The court reasoned that the bottom hook could be “load-carrying equipment” for purposes of Ohio Adm.Code 4123:1-5-14(0(1). The court ordered the commission to consider whether the crane, when configured with a bottom hook, was load-carrying equipment that was defective for lack of a safety device.
{¶ 13} The appellate court did not disturb the commission’s finding that Precision Steel had violated Ohio Adm.Code 4123:l-5-15(B). The court issued a limited writ that ordered the commission to readjudicate Myers’s claim based on Ohio Adm.Code 4123:1-5-14(0(1).
{¶ 14} This matter is before the court on Precision Steel’s appeal as of right. Legal Analysis
{¶ 15} An award for a YSSR is “a new, separate, and distinct award” over and above standard workers’ compensation benefits. It is not covered by an employer’s workers’ compensation premium. State ex rel. Newman v. Indus. Comm., 77 Ohio St.3d 271, 272, 673 N.E.2d 1301 (1997). To be entitled to an additional *79 award for a YSSR, a claimant must show that (1) a specific safety requirement applied, (2) the employer violated that requirement, and (3) the employer’s violation caused the injury. State ex rel. Supreme Bumpers, Inc. v. Indus. Comm., 98 Ohio St.3d 134, 2002-Ohio-7089, 781 N.E.2d 170, ¶ 46.
{¶ 16} Precision Steel asserts that it could not have violated Ohio Adm.Code 4123:1-5-14(0(1) and 4123:l-5-15(B) because neither rule specifically requires a latch to be attached to a crane hook. Therefore, Precision Steel maintains, the commission abused its discretion when it determined that Precision Steel violated the rules for failure to provide a latch on a crane hook. We agree.
{¶ 17} A “specific requirement” is more than a general course of conduct or general duty or obligation flowing from the employer-employee relationship; rather, it “embraces such lawful, specific and definite requirements or standards of conduct * * * [that] are of a character plainly to apprise an employer of his legal obligation toward his employees.” State ex rel. Trydle v. Indus. Comm., 32 Ohio St.2d 257, 291 N.E.2d 748 (1972), paragraph one of the syllabus. Specific safety requirements must “ ‘forewarn the employer and establish a standard which [the employer] may follow.’ ” (Brackets sic.) State ex rel. G & S Metal Prods., Inc. v. Moore, 79 Ohio St.3d 471, 476, 683 N.E.2d 1135 (1997), quoting State ex rel. Howard Eng. & Mfg. Co. v. Indus. Comm., 148 Ohio St. 165, 74 N.E.2d 201 (1947), paragraph one of the syllabus. Neither Ohio Adm.Code 4123:l-5-14(G) nor Ohio Adm.Code 4123:l-5-15(B) establishes a specific safety requirement in the context of this case.

Ohio Adm.Code 1128:1-5-11 applies to power-driven cranes and hoists

{¶ 18} Subsections (C) through (F) of Ohio Adm.Code 4123:1-5-14 define overhead electric traveling cranes, electric jib cranes, electric single-rail cranes and hoists, and electric gantry cranes and set forth specific safety requirements with respect to each type. Precision Steel is alleged to have violated subsection (G), which states, “Defective crane safety devices or load-carrying equipment shall be repaired or replaced.” The terms “safety devices” and “load-carrying equipment” are not defined in the rule. Undefined words and phrases in administrative rules must be construed within the context in which they are written. State ex rel Baroni v. Colletti, 130 Ohio St.3d 208, 2011-Ohio-5351, 957 N.E.2d 13, ¶ 18.
{¶ 19} Nothing in subsections (C) through (F) of Ohio Adm.Code 4123:1-5-14 refers to a hook on a crane or hoist. There is no language in the rule that plainly apprised Precision Steel that a latch on a crane hook constituted either a “safety device” or “load-carrying equipment” for purposes of Ohio Adm.Code 4123:1-5-14(G)(1). Thus, there could be no VSSR for failure to provide a latch on the crane hook.

*80
Ohio Adm.Code 4,123:1-5-15(B) applies to hoisting and haulage equipment

{¶ 20} The court of appeals agreed with the commission that Precision Steel violated Ohio Adm.Code 4123:l-5-15(B), which states, “Equipment shall be removed from service when there is evidence of a defect, damage, or distortion which may weaken such equipment.” However, “equipment” is not defined in Ohio Adm.Code 4123:l-5-15(B). There is no specific reference in the rule to a hook as part of hoisting or haulage equipment. The rule does not plainly apprise Precision Steel that a latch on a crane hook constituted “equipment” within the meaning of Ohio Adm.Code 4123:l-5-15(B), and Precision Steel could not have violated the rule for failure to remove the crane from service.
{¶ 21} The interpretation of a specific safety requirement is within the final jurisdiction of the commission and may be corrected in mandamus only upon a showing that the commission abused its discretion. State ex rel. Roberts v. Indus. Comm., 10 Ohio St.3d 1, 4, 460 N.E.2d 251 (1984). This court is “normally obligated to defer to the commission’s interpretation of its own rules, [but] we will not defer when the commission’s interpretation implicitly adds language to the text of the rule.” State ex rel. Lamp v. J.A. Croson Co., 75 Ohio St.3d 77, 79-80, 661 N.E.2d 724 (1996). Furthermore, because a YSSR award is a penalty imposed on an employer, specific safety requirements must be strictly construed and all reasonable doubts concerning the interpretation of a particular safety regulation must be resolved in favor of the employer. Id. at 78; State ex rel. Burton v. Indus. Comm., 46 Ohio St.3d 170, 172, 545 N.E.2d 1216 (1989).
{¶ 22} Here, neither rule included language placing an employer on notice of a legal obligation to (1) put a latch on a hoist hook, (2) replace a latch on a hook if one is missing, or (3) remove the crane from service because a latch was not on a hook. Nevertheless, the commission construed the generic terms “device” and “equipment” to include a latch on a hook. This constituted an abuse of discretion.
{¶ 23} In light of our resolution of this matter, Precision Steel’s assertion that the commission’s assessment of a 50 percent VSSR penalty violated its right to due process is moot.
{¶ 24} Precision Steel requested oral argument in this matter. Granting oral argument in an appeal as of right is subject to the court’s discretion. S.Ct. Prac.R. 17.02(A). In exercising that discretion, we consider “whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals.” State ex rel. Davis v. Pub. Emps. Retirement Bd., 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15, citing State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers’ Comp., 108 Ohio St.3d 432, *81 2006-Ohio-1327, 844 N.E.2d 335, ¶ 25-26. These issues are not present in this matter, and we deny Precision Steel’s request.
{¶ 25} In conclusion, we reverse the judgment of the court of appeals and grant a writ of mandamus requiring the commission to vacate its order and to issue a new order denying Myers’s application for an additional award for VSSR.
Judgment reversed and writ granted.
O’Connor, C.J., and O’Donnell, Kennedy, and French, JJ., concur.
Pfeifer and O’Neill, JJ., dissent.
Lanzinger, J., not participating.

. Prior to the hearing, Myers dismissed his claim based on Ohio Adm.Code 4123:l-5-15(D), and it is not part of this appeal.